### McKENNA v. BROPHY.

(District Court, E. D. New York. July 26, 1913.)

PATENTS (§ 328*)—INFRINGEMENT—TALLY CARD.

The McKenna patents, Nos. 927,581 and 865,795, and the Goulding patent, No. 655,862, each for a tally card for use in progressive euchre contests, etc., must be narrowly construed, and, as so construed, *held* not infringed.

In Equity. Suit by Edward D. McKenna against J. Bernard Brophy. On final hearing. Decree for defendant.

Roderick Begg, of New York City, for complainant.
Lewis J. Doolittle, of New York City, for defendant.

CHATFIELD, District Judge. The defendant has been charged with infringement of a patent taken out by the complainant on the 13th day of July, 1909, No. 927,581, and one taken out September 10, 1907, No. 865,795, for a tally card, to be used in such contests as progressive euchres on a large scale, and another patent, issued to A. M. Goulding, upon the 14th day of August, 1900, No. 655,862, with rights assigned to the complainant, for a similar card.

The defendant has denied that he is a proper party defendant, and has also denied infringement. The question as to his being the responsible party for the acts alleged as infringement was disposed of upon the trial, and there seems to be no reason for changing that determination nor for a detailed statement as to this matter. A patent for a tally card system was granted to the defendant, under No. 985,108, February 21, 1911. The defendant has retained ownership of the patent, and has allowed his sons to use it in connection with the printing business, in which he now has no beneficial interest, and which is conducted by his sons. But both he and his sons assist in managing the euchre parties and in using the tally cards, and he is an active participant in all of the matters which are charged to be infringements.

Some question is also raised as to the assignment of the Goulding patent; but this is immaterial, for the complainant shows prima facie title, and, in view of the necessary determination of the case, this is sufficient. The tally cards patented under these three patents are an outcome of the natural desire to prevent fraud, to make scoring easy, and to save time and confusion in the service and management at large contests like progressive euchres at which several hundred persons play simultaneously.

The general idea of such tally cards is to have a pair of counters or coupons, which in some way may be taken by the winning couple at

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

each table and kept track of in consecutive order. Thus a set of coupons must be used at each table, and yet no use can be made thereof except by the winners, and a distinction is kept as to the person playing the hand of a man from that of a person playing the hand of a woman. The devices in use are similar to other patents, such as patent No. 690,123, issued December 31, 1901, to Charles Sparks, for golf score; No. 582,771, of May 18, 1897, to A. H. Wilson, No. 592,054, of October 19, 1897, to W. C. James No. 758,808, May 3, 1904, to E. Bach, and No. 411,952, October 1, 1889, to W. W. Clay, for euchre and whist counters; No. 326,879, September 22, 1885, to H. E. Lomas, for a theater ticket selling chart; No. 510,011, December 5, 1893, to Eastman and Babcock, and No. 570,249, October 27, 1896, to C. Elkin, for installment payments upon accounts. They all indicate the idea of detaching stubs or coupons from one sheet, for transfer to some other place of attachment or safe-keeping, and there used to keep track of successive payments or scores.

The idea of inserting the coupons in a pocket or attaching them by adhesive to a second card is old. The idea of numbering them consecutively, or of distinguishing a series by a separate color, or, where there are two competitors, by calling one "lady" and the other "gentleman," and by giving one an odd and the other an even number, are only variations in the idea and in the form of design, which might be the subject of copyright, and which is patentable only to the extent that it forms a new scheme of working out an entire system. Such a patent must be narrowly construed, and no one would be an infringer for making a new combination of the old ideas, with a general resemblance to the result.

The complainant's own patents show a tally card for each player and a set of coupons, with the expected arrangement of two coupons for each game, numbered consecutively and with a distinguishing color. Ordinary directions for the use of the game are printed upon the card, but the substance of these is not set forth in the claim of the patents, and the coupons are to be placed (under the first McKenna patent) by the person entitled in a series of consecutive slits in the tally card. The player thus has a coupon in the slit for each game which he wins, and a blank space for games which he loses.

The other patent of the complainant provides for a card of a similar general scheme, but with adhesive upon the face of the tally card (instead of upon the coupon, as the inventor says is "now commonly the case"), and directions to paste the coupon upon the card, instead of inserting it in the slit, of the earlier patent. The Goulding patent adds the distinguishing feature of the words "lady" and "gentleman," and has the adhesive upon the back of the coupons.

The defendant's card uses a similar arrangement, with adhesive upon the coupons, and also distinguishes by number between the persons playing as "gentleman" and "lady." The defendant's card also has a stub at the bottom to use for identification when the balance of the card is turned in, and contains much printed matter as to the management of the euchres and the methods of playing in the contest.

The defendant's own card is patented, and shows only patentable

novelty in the sense that it is a variation from other forms and has the stub for identification. In this sense it is not an infringement of either of the cards patented and controlled by the complainant, and the entire difficulties between the parties would seem to be those of business competition and successful management of such large gatherings. Any of the counters, if used properly and carefully, are sufficient to prevent fraud, and any person is entitled to use any particular form which he desires, unless he copies a patented form so closely as to indicate that he is following that card, and not the old ideas embodied therein.

The bill will be dismissed.